UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LLOYD MCCLATCHEY AND**<br>**MADELYN MCCLATCHEY** | * <br> * <br> * | **DOCKET NUMBER:** |
| **VERSUS** | * <br> * | **JUDGE:** |
| **STATE FARM FIRE AND**<br>**CASUALTY COMPANY** | * <br> * <br> * | **MAGISTRATE JUDGE:** |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company ("State Farm"), appearing through undersigned counsel files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 1441, and hereby removes this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I. PROCEDURAL HISTORY**

1.

Plaintiffs filed this lawsuit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, against State Farm on April 14, 2022. The case was captioned "*Lloyd McClatchey and Madelyn McClatchey v. State Farm Fire and Casualty Company*, Docket C-717838 (*See* Petition for Damages, Citation and Proof of Service upon State Farm through the La. Secretary of State on April 21, 2022, attached hereto and marked for identification as Exhibit "A.)

2.

Plaintiffs' lawsuit arises out of damage to their home located at 19443 Pebble Beach Drive, Baton Rouge, Louisiana 70809, Louisiana, which was allegedly damaged by a hailstorm on April 14, 2021, and then by Hurricane Ida on August 30, 2021. (Exhibit A. Petition at ¶3 and ¶9). Plaintiffs had homeowners' insurance through State Farm at the time of the storms. (*Id*. at ¶2).

1

Plaintiffs alleges that State Farm has failed to timely and adequately compensate Plaintiffs for their claims, notwithstanding its receipt of satisfactory proof of loss pursuant to La. R.S. 22:1892 and R.S. 22:1973. (*Id*. at ¶6, ¶10 and ¶11). Plaintiffs allege they are entitled to property damage equivalent to the full replacement cost of the roof on their primary residence; property damage for repair to interior ceilings, walls, paint and other interior elements of the Residence due to roof leaks; penalties, attorney's fees and costs as provided by La. R.S. 22:1973 and La. R.S. 22:1892 or any other applicable provision of Louisiana law; legal interest from the date of judicial demand; and such other damages as may be proved at trial. (*Id*. At ¶12).

3.

State Farm removes this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq.*

II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00 AND COMPLETE DIVERSITY EXISTS**

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition,

but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). The facts set forth in the and this removal notice establish that the amount in controversy exceeds SEVENTY-FIVE THOUSAND and No/100s ($75,000) DOLLARS, exclusive of interest and costs.

6.

Here, State Farm has not made any payments to the Plaintiffs under the policy for the subject loss. Plaintiffs' coverages are $884,800.00 under dwelling, $88,480.00 under other structures, and $142,800.00 under contents. (*See* Exhibit B State Farm Homeowners Policy Declarations).

7.

Prior to filing suit, Plaintiffs' contractor, Premier South Roofing and Sheet Metal, provided an estimate dated June 15, 2021, in the amount of $71,837.60. (*See* Exhibit C Estimate of Premier South Roofing and Sheet Metal). Thus, at least $71,837.60 is in dispute as to amounts claimed by Plaintiffs as due to them under State Farm's policy for damage to the dwelling and other structures before calculation of any penalties or attorney's fees.

8.

Plaintiffs' estimate can be considered by this Court in support of State Farm's burden of proof to show by a preponderance of the evidence that the amount in controversy exceeds the $75,000.00 jurisdictional amount. Louisiana federal courts have "[p]reviosuly held that the amount sought in a pre-removal settlement demand letter is "valuable evidence to indicate the amount in controversy at the time of removal.'" *Richard v. Starr Indemnity and Liability Co.*, 16-663, 2016 WL 11264643 *3 (M.D. 12/29/206) (Bourgeois, M.J.) unpublished, citing to *Fairchild v. State*

*Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995). "It can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of Plaintiffs' claims." *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (Noland, M.J.). *See also Wilson v. Berlin*, 20 F.3d 644,651 n.8 (5th Cir. 1994) (Removal was proper because Plaintiffs' counsel had sent defendants a letter "stating that the amount in controversy exceed $50,000, the minimum amount at that time required for diversity cases); *Addo v. Global Life & Acc. Ins. Co*., 230 F.3d 759, 762 (5th Cir. 2000) (holding that a demand letter can serve as an 'other paper from which it may be first ascertained that the case is one which is or has become removable" for the purpose of determining whether removal is timely under 28 U.S.C. §1446 (b) ).

9.

Plaintiffs assert in their petition that State Farm is liable for the payment of statutory bad faith penalties and attorney's fees pursuant to La. R.S. 22:1892 and 1973 as follows:

11.

Defendant has acted in bad faith as outlined in La. R.S. 22:1973 and/or La. R.S. 22:1892, including but iiot limited to the following acts and otnissions:

a. Arbitrarily and erroneously denying the full extent of hail damage to the insured property;
b. Failing to fairly and promptly adjust the Plaintiffs' claiin or make a reasonable effort to resolve the claims of the Plaintiffs;
c. Failing to promptly pay the amount of the claim due Plaintiffs after receipt of satisfactory proof of loss;
d. Arbitrarily, capriciously and without probable cause, failing to pay the amount of the claim due Plaintiffs after receipt of satisfactory proof of loss;
e. Rejecting Plaintiffs' request for appraisal after receiving supporting documents in accordance with the provisions of the Plaintiffs' homeowner's policy;
f. Breaching the contract of insurance by failing to properly and timely respond to the Plaintiffs' request for audit and review of the denial of

       Plaintiffs' claim, which is a right granted to Plaintiffs under the terms of the applicable homeowners insurance policy issued by Defendant; and
  g. Such other acts of bad faith as may be determined through additional investigation.

### 12.

Plaintiffs assert that as a result of this storm and Defendant's failure to appropriately respond, they are entitled to recover the following elements of damages:

  a. Property damage equivalent to the full replacement cost of the roof on their primary residence;
  b. Property damage for repair to interior ceilings, walls, paint and other interior elements of the Residence due to roof leaks;
  c. Penalties, attorney's fees and costs as provided by La. R.S. 22:1973 and La. R.S. 22:1892 or any other applicable provision of Louisiana law;
  d. Legal interest from the date of judicial demand; and
  e. Such other damages as may be proved at trial.

### 10.

Based upon the above cited allegations, if Plaintiffs were to prove that State Farm failed to timely make payments to them as required by the Louisiana insurance bad faith statutes and "such failure is found to be arbitrary, capricious or without probable cause", State Farm could be subject to a penalty, in addition to the amount of loss, of fifty percent damages on the amount found to be due from the insurer to the insured… as well as reasonable attorney fees and costs" La. R.S. 22:1892 B. (1).

### 11.

If at trial it is determined that Plaintiffs is owed the $71,837.60 claimed in the Premier South Roofing and Sheet Metal estimate and that State Farm failed to timely tender same, the potential 50% penalty on that payment is $35,918.80. The amount in controversy based on

potential contractual payments and potential penalties is $107,756.40 before the addition of any general damages, penalties on general damages, and attorney's fees.[1]

12.

Plaintiffs' petition for damages does not offer a binding stipulation or renunciation in the petition that Plaintiffs will not seek to enforce any judgment that may be awarded in excess of $75,000.00.  Rather, Plaintiffs petition for damages omits any monetary amount sought.  *See Davis v. State Farm Fire & Cas. Co.*, No. 06-560, 2006 U.S. Dist. LEXIS 37225 at *7 (E.D. La. June 7, 2006) (Vance, J.) (Citing to La. Code Civ. Proc. art. 862); *Treadway v. State Farm Mut. Auto Ins. Co.*, No. 11-2965, 2012 U.S. Dist. LEXIS 8536, 2012 WL 219369 (E.D. La. Jan. 25, 2012) (Feldman, J.) See also *Reeves v. TPI Restaurants, Inc.,* 05-1778, 2007 U.S. Dist. LEXIS 35999 at *5, 2007 WL 1308380 (W.D. La. April 13, 2007) in which Magistrate Judge Kirk found that "[p]laintiffs' attempted stipulation that their damages do not exceed $75,000 would have to have been filed with the petition in order to have been effective." (citing to *DeAguliar v. Boeing Co*. 47 F. 3d 1404 (5th Cir. 1995); *recommendation adopted* (W.D. La. May 3, 2007) (Drell, J.).

13.

Plaintiffs' petition also does not contain an allegation required by La. Code of Civil Procedure Article 893 A. (1) that "[i]f a specific amount of damages is necessary to establish…the lack of jurisdiction of federal courts due to insufficiency of damages… a general allegation that the claim exceeds or is less than the requisite amount is required."   As discussed above, Plaintiffs failed to allege that their damages do not exceed $75,000.00; thus, leaving the door open.  Federal

---

[1] "The amount in controversy depends on all these forms of relief. *See e.g., St. Paul Reinsurance*, 134 F. 3d at 1254("[I]n addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages- just not interests or costs.'). *Chauvin v. Symetra Life Ins. Co.,* 422 F. Supp. 3d 1145, 1153 (E.D. La. Oct. 31, 2019) (Fallon, J.)

Courts within Louisiana have held that a Plaintiffs' failure to follow La. C.C.P. art. 893 (A) (1)'s mandate is entitled to some consideration although in and of itself is not determinative of the amount in controversy. *Johnson v. Beale*, 18-961 2018 WL 6037526 at *2 (M.D. La. November 16, 2018) (citations omitted); *Joseph v. State Farm Mutual Automobile Co.*, 11-122, 2011 WL 2899127 at *2 (E.D. La. July 18, 2011) (Fallon, J.) (citations omitted); *Courville v. State Farm Mutual Automobile Ins. Co.*, 15-cv-01221, 2015 WL 4730124 at *1-2 (W.D. La. August 10, 2015) (Hanna, M.J.) (citations omitted).

14.

While State Farm admits no liability nor any element of damages: (1) given that Plaintiffs alleges that State Farm has failed to timely settle their claim; (2) the fact that Plaintiffs are asserting claims of bad faith and statutory penalties; (3) that Plaintiffs seeks payment of $71,837.60 pursuant to the contractor's estimate and bad faith penalties on this sum; (4) that Plaintiffs alleges that State Farm has refused to pay any amounts due on the subject claim despite satisfactory proof of loss thus asserting claims for unpaid or underpaid amounts under the policy, with amounts available within the limits; (5) that Plaintiffs are seeking attorney fee's in addition to bad faith penalties; and (6) that Plaintiffs have not definitively alleged in the petition that their damages are below $75,000.00; these facts demonstrate that the matter in controversy exceeds $75,000.00. Accordingly, State Farm has met its burden of showing that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

15.

State Farm is a foreign insurance corporation duly organized and incorporated under the laws of the State of Illinois and having its principal place of business in the State of Illinois and

is a citizen of the State of Illinois. Plaintiffs are residents of the State of Louisiana and domiciled in East Baton Rouge Parish. There is complete diversity between the parties.

16.

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

### III.   STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

17.

State Farm was served with the Petition for Damages through its agent for service of process, the Louisiana Secretary of State, on April 21, 2022 (Exhibit A Citation).  The Secretary of State forwarded the Petition to Corporation Service Company by certified mail on April 22, 2022, which was received by Corporation Service Company on April 25, 2022.  (*See* Exhibit A; Letter from Secretary of State dated April 22, 2022; Service of Process Return on Louisiana Secretary of State dated April 21, 2022, Notice of Service of Process Transmittal form from Corporation Service Company dated April 26, 2022.)

"[C]ourts have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La. June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that

8

pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E.D. LA. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process).

18.

This Notice of Removal is filed within thirty (30) days of service of the petition on State Farm.

19.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between a citizen of a state and a citizens or subjects of a foreign state.

20.

The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(b). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

21.

No previous application has been made by State Farm for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by State Farm to date are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiffs, Stephen Whitlow, and

Doug Welborn, Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. No other process, pleadings, or orders have been served upon State Farm.

### IV.  CONCLUSION

22.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, State Farm, has complied with, this cause of action is removable to the United States District Court for the Middle District of Louisiana.

23.

State Farm reserves the right to supplement or amend this Notice of Removal.

24.

State Farm reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to State Farm.

25.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

*/s/ Charles L. Chassaignac, IV*
**CHARLES L. CHASSAIGNAC, IV (#20746)**
**ELEANOR W. WALL (#29695)**
**EMILY S. MORRISON (#18351)**
**BEAU C. GARON (#35785)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA  70802
Telephone:  (225) 383-8900

*Attorneys for State Farm Fire and Casualty Company*

## **CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)**

I hereby certify that on this 16th day of May, 2022, a copy of the foregoing Notice of Removal has been sent to the following:

**Plaintiffs, Lloyd McClatchey and Madelyn McClatchey**
**Through their counsel of record -** *via email*
Stephen Whitlow
Whitlow & Simmons, LLC
8280 YMCA Plaza Drive, Bldg. 7
Baton Rouge, LA 70810
Telephone (225) 214-4141
Facsimile (225) 214-4144
swhitlow@wslawbr.com
stephen.whitlow@wslawbr.com
atoranto@wslawbr.com

**Clerk of Court** *via e-filing*
East Baton Rouge Parish Clerk of Court
19th Judicial District Court
300 North Boulevard
Baton Rouge, LA  70821

*/s/ Charles L. Chassaignac, IV*